O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) CV 10-4769 RSWL (MANx) ) ) |
| Plaintiff, | ) **ORDER Re: Defendants'** ) **Motion to Dismiss First** |
| v. | ) **Amended Complaint [8]** ) |
| LIFE WEALTH MANAGEMENT, INC., and JEFFREY S. PRESTON, | ) ) ) ) |
| Defendants. | ) ) |

On November 16, 2010, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [8] came on for regular calendar before this Court. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

///

The Court hereby **DENIES** Defendants' Motion to Dismiss the First Amended Complaint.

In a Rule 12(b)(6) motion to dismiss, the Court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). A dismissal can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct, such that they can defend against the charge and not just deny having done anything wrong. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). As such, averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. See Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

Defendants move to dismiss the First Amended Complaint on the following grounds: 1) it fails to allege fraud with particularity as required by Rule 9(b)

with regard to the claims for violations of Rule 10(b)(5) of the Securities Exchange Act of 1934 and Section 206(1) of the Investment Advisors Act of 1940; 2) the First Amended Complaint fails to describe the materiality of the alleged misrepresentations or omissions; 3) the request for an injunction fails because there is no danger of future violations; and 4) the request for disgorgement of profits fails because the amounts sought are not alleged to have been obtained through the alleged fraud.

As to Defendants' first argument, the Court finds that the requirements of Federal Rule of Civil Procedure 9(b) have been met.  Specifically, when the First Amended Complaint is read as a whole, the circumstances constituting the alleged fraud are plead with sufficient particularity and are specific enough to give Defendants notice of the particular misconduct, such that they can defend against the charge.

Second, the Court finds that the First Amended Complaint sufficiently alleges that Defendants had a duty to disclose and that the misrepresentations or omissions were material.

Third, the Court finds that the First Amended Complaint sufficiently states a claim for permanent injunction.  Moreover, a claim for permanent injunction

should not be stricken at the pleading stage when the underlying claim is not dismissed.  See In re Lloyd's Am. Trust Fund Litig., 954 F. Supp. 656, 682 (S.D.N.Y. 1997) (citing Tanglewood E. Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1576 (5th Cir. 1988)); accord Donnelly Garment Co. v. Int'l Ladies' Garment Workers' Union, 99 F.2d 309, 312 (8th Cir. 1938) (citing Winget v. Rockwood, 69 F.2d 326, 329 (8th Cir. 1934)).

   Lastly, the Court finds that the First Amended Complaint sufficiently states a claim for disgorgement of ill-gotten gains.

   Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is **DENIED**.

DATED:   November 24, 2010

**IT IS SO ORDERED.**


                                    RONALD S.W. LEW
                              _____
                              **HONORABLE RONALD S.W. LEW**
                              Senior, U.S. District Court Judge