DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
E-mail: vanhavermaatd@sec.gov
SAM S. PUATHASNANON, Cal. Bar No. 198430
E-mail: puathasnanons@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE WEALTH MANAGEMENT, INC., and JEFFERY S. PRESTON,<br><br>Defendants. | Case No. CV 10-4769 RSWL (MANx)<br><br>**CONSENT OF DEFENDANTS LIFE WEALTH MANAGEMENT, INC. AND JEFFERY S. PRESTON TO ENTRY OF JUDGMENT** |

1.  Defendants Life Wealth Management, Inc. and Jeffery S. Preston (together, "Defendants") acknowledge having been served with the summons and complaint in this action, enter general appearances, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendants from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

3.  Defendants agree that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and civil penalties against each of them pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1). Defendants further agree that the amounts of disgorgement and civil penalties shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from September 24, 2010 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendants further agree that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the

motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount that Defendants pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7. Defendants enter into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

8. Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of

Civil Procedure, and hereby waives any objection based thereon.

10. Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Judgment.

11. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to

permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; and (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If either Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing parties in this action since the parties have reached a good faith settlement.

14. Defendants agree that the Commission may present the Judgment to the Court for signature and entry without further notice.

15. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

DATED: Aug 8, 2013

_____
Jeffery S. Preston

On _____, 2013, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Life Wealth Management, Inc.

By: _____
Jeffery S. Preston
President

On _____, 2013, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Life Wealth Management, Inc. as its president.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Connie M. Anderson
Attorney for Defendants Life Wealth Management, Inc. and Jeffery S. Preston

5

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Los Angeles__

On __August 8, 2013__ before me, __Claudia J. Regh, Notary Public__,
personally appeared __Jeffery S. Preston__
(Name(s) of Signer(s))

_____,

**CLAUDIA J. REGH**
Commission # 1993549
Notary Public - California
Los Angeles County
My Comm. Expires Nov 7, 2016

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __Claudia Regh__
Signature of Notary Public

Place Notary Seal Above

---------- **OPTIONAL** ----------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: __Consent of Defendants Life Wealth Mgmt and Jeffery Preston to Entry of Judgment__

Document Date: __08/08/2013__    Number of Pages: __5__

Signer(s) Other Than Named Above: _____

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☑ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On August 9, 2013, I served the document entitled **CONSENT OF DEFENDANTS LIFE WEALTH MANAGEMENT, INC. AND JEFFERY S. PRESTON TO ENTRY OF JUDGMENT;  [PROPOSED] JUDGMENT AS TO DEFENDANTS LIFE WEALTH MANAGEMENT, INC. AND JEFFERY S. PRESTON** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  August 9, 2013                            /s/ David J. Van Havermaat
                                                 David J. Van Havermaat

1

**SEC v. LIFE WEALTH MANAGEMENT, INC., et al.**
**United States District Court – Central District of California**
**Case No. SACV 10-4769 RSWL (MANx)**
**(LA-3592)**

SERVICE LIST

Connie M. Anderson, Esq. **(served via CM/ECF only)**
Lewis Brisbois Bisgaard & Smith LLP
221 N. Figueroa Street, 12th Floor
Los Angeles, CA 90012
Email:  canderson@lbbslaw.com
Telephone: (213) 250-1800
Facsimile: (213) 250-7900
*Attorney for Defendants Life Wealth Management, Inc. and Jeffery S. Preston*