AMY JANE LONGO (Cal. Bar No. 198304)
Email: longoa@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LIFE WEALTH MANAGEMENT, INC., and JEFFERY S. PRESTON,<br><br>　　　　Defendants. | Case No. 2:10-cv-04769-RSWL-MAN<br><br>**FINAL JUDGMENT AS TO DEFENDANTS LIFE WEALTH MANAGEMENT, INC. AND JEFFERY S. PRESTON** |

Plaintiff Securities and Exchange Commission ("SEC") having filed a Complaint and Defendants Life Wealth Management, Inc. ("Life Wealth") and Jeffery S. Preston ("Preston") (together, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Life Wealth and Preston, and their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///

///

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants Life Wealth and Preston, and their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) & 80b-6(2), by the use of the mails or any means or instrumentalities of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Preston is liable for disgorgement of $64,409, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,191, for a total of $76,600. Based on Defendant Preston's sworn representations in his Statement of Financial Condition dated June 1, 2018, and other documents and information submitted to the SEC, however, the Court is not ordering Defendant Preston to pay a civil penalty and payment of the disgorgement and prejudgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of disgorgement and prejudgment interest is contingent upon the accuracy and completeness of Defendant Preston's Statement of Financial Condition. If at any time following the entry of this Final Judgment the SEC obtains information indicating that Defendant Preston's representations to the SEC concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or

incomplete in any material respect as of the time such representations were made, the SEC may, at its sole discretion and without prior notice to Defendant Preston, petition the Court for an order requiring Defendant Preston to pay the unpaid portion of the disgorgement, prejudgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant Preston was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the SEC may move this Court to consider all available remedies, including, but not limited to, ordering Defendant Preston to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The SEC may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the SEC; (3) assert that payment of disgorgement, prejudgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and prejudgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant Preston shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendants Life Wealth Management, Inc. and Jeffery S. Preston to Entry of Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

///

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: June 3, 2019          /s/ RONALD S.W. LEW
HONORABLE RONALD S.W. LEW
UNITED STATES DISTRICT JUDGE